398 So.2d 1166 (1981)
Garland Boyd CALHOUN, Plaintiff-Appellant,
v.
The ROYAL GLOBE INSURANCE CO., Defendant-Appellee.
No. 14524.
Court of Appeal of Louisiana, Second Circuit.
April 27, 1981.
*1167 Donald R. Miller, Shreveport, for plaintiff-appellant.
Lunn, Irion, Switzer, Johnson & Salley by Jack E. Carlisle, Jr., Shreveport, for defendant-appellee.
Before HALL, MARVIN and FRED W. JONES, Jr., JJ.
MARVIN, Judge.
In this trip and fall case which occurred at a New Year's Eve dance, a 55-year-old VFW member appeals a judgment dismissing his demands for personal injury and for medical expenses against the liability insurer of the VFW Post. Plaintiff contends that the Post was both strictly liable and negligent because of the manner in which the post premises were maintained and lighted, and that, in any event, the insurer is obligated to him for the amount of his medical expenses under the policy which provides that
"The company will pay to or for each person who sustains bodily injury caused by accident all reasonable medical expense incurred within one year from the date of the accident on account of such bodily injury, provided such bodily injury arises out of (a) a condition in the insured *1168 premises or (b) operations with respect to which the named insured is afforded coverage for bodily injury liability under this policy."
In sustaining a motion for a directed verdict under CCP 1810(B), the trial court said:
"I do not feel that Plaintiff has shown any real defect in the condition in this building which could have caused the Plaintiff to fall. I think the evidence suggests his familiarity with the building. He went there regularly for dances at which the same lighting conditions prevailed, same floor conditions. [The] Court feels that the evidence shows that the accident would not have happened except for the negligence of the Plaintiff himself and possibly his drinking."
Plaintiff argues that he has shown that the condition of the VFW Post presented an unreasonable risk of harm to its customers and that the Post should have been presumed to have been at fault in causing the injury. Johnson v. Ins. Co. of North America, 360 So.2d 818 (La.1978); CC 667, 2322. The record, however, is to the contrary and supports the finding and results pronounced below and we affirm.
With his wife and others, plaintiff arrived at the Post more than 30 minutes before the dance was to begin at 9:00 p. m. He made a minor repair to plumbing in the men's restroom and discussed this repair with the building custodian at a table in the dance hall. When plaintiff started to return to the table where his party was seated he apparently hooked his boot on a table leg and fell to the floor, fracturing the head of his left femur. He eventually underwent surgery and was fitted with a femoral prosthesis made of metal and plastic.
Plaintiff and his wife had been attending weekly dances at the Post for several years and were very familiar with the premises. It is true that corn meal had been sprinkled on the dance floor, but the testimony was uncontradicted that there was no corn meal or other substance on the floor in the table area where plaintiff tripped and fell.
Plaintiff contends that a premise hazard was created by the inadequate lighting and the close proximity of the tables and chairs to each other. We cannot agree. One cannot expect blazing house lights at a dance party. There were lights on the wall which generally illuminated the room sufficiently for people to recognize one another from some distance. The testimony indicates that the incident occurred near the north end of the hall near the bar where there was a large overhead light. The wall lights were located six feet above the floor all along the sides of the hall. The sole circumstance of dimmed lights in a dance hall does not constitute an unreasonable risk of harm as to constitute a premise hazard under Johnson, supra. Plaintiff produced no evidence to support a finding that the placement of tables and chairs created an unreasonable risk of harm.[1] Property owners are not insurers of the safety of visitors, but are only under a duty to keep their premises in a safe condition for use in a manner consistent with the purposes for which the premises are intended. Property owners must keep the premises free of defects or conditions in the nature of hidden dangers, traps or pitfalls which are not known to the visitor and which would not be observed by him in the exercise of reasonable care. The visitor assumes the obvious, normal or ordinary risks attendant on the use of the premises and owners are not liable for injuries to a visitor when those injuries result from a danger which he should have observed in the exercise of reasonable care.
There is no fixed rule for determining whether or not a defect in the premises is dangerous or in the nature of a trap and the facts and surrounding circumstances of each particular case will control. Patty v. Brookshire Grocery Company, et al, 389 So.2d 421 (La.App. 2d Cir. 1980).
*1169 Plaintiff's contention that he is entitled to medical expenses independently of the tort claim because of the policy provision part (b), quoted above, is apparently conceded by the insurer. The insurer states in supplemental brief that it has offered and does offer to plaintiff the medical pay limits of the policy. Under these circumstances, we shall amend the judgment to reject only the plaintiff's demands for damages and shall remand to allow the trial court to grant plaintiff's demands for medical benefits as the policy provides.
As amended, the judgment is AFFIRMED and the case is remanded. Costs on appeal are assessed one-half to each litigant.
NOTES
[1] Plaintiff's witness testified:

"Well, sir, I would say they [tables in the aisle ways] were awfully close, really. I don't know the exact distance. The chairs were so that people could move back and forth. I would say there was a person's width in between them, say 30 inches might have been walking space."