411 So.2d 687 (1982)
Albert BELL
v.
MARRIOTT HOTELS, INC.
No. 12751.
Court of Appeal of Louisiana, Fourth Circuit.
March 9, 1982.
Writ Denied April 30, 1982.
*688 Joseph W. Thomas, New Orleans, for appellant.
James L. Selman, II, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for appellee.
Before LOBRANO, SCHOTT and AUGUSTINE, JJ.
LOBRANO, Judge.
Appellant, Albert Bell, instituted these proceedings seeking recovery for personal injuries he sustained in an accident which occurred on September 26, 1979 while working for the Fitzmorris for Governor Campaign Committee. On that date, appellant fell from a ladder he was using while decorating the Grand Ball Room of the Marriott Hotel. Marriott Hotels, Inc., appellee, was named defendant on the basis that the subject ladder was defective, and as the owner/custodian of same they were responsible to its user for any damages resulting from said defect.
The record reveals that on the morning of September 26, 1979 appellant went to the Marriott to decorate and hang banners in the banquet room where a ladies group was to have a luncheon at noon. Appellant, working under the direction of Ronald Luman, was directed by him to place several large banners in the room. Both appellant and Luman approached one Lawrence Trouphy, a Marriott employee who was setting up the tables for the luncheon, and inquired about the use of a ladder. Trouphy directed them to a ladder located in an adjacent hallway that they might use, and resumed his work in preparing for the luncheon. Appellant and his co-worker, Joseph Lawrence got the ladder and proceeded to hang the banners. There were four banners to hang. Bell hung the first, Lawrence the second, Bell the third and fourth. Bell testified that while working on the fourth banner, he was reaching or leaning in order to work with both hands, and in so doing he fell. The testimony is clear that neither Bell nor Lawrence would hold the ladder *689 while the other worked. In fact, while Bell worked on the fourth banner, Lawrence was on the other side of the room making sure the banner was hung level.
The trial court rendered judgment in favor of the Marriott and concluded "... that the plaintiff just leaned too far or pushed too hard, and the ladder toppled."
Appellant perfected this appeal relying on the landmark case of Loescher v. Parr, 324 So.2d 441 (La.1975) as the authority by which this Court should grant him recovery. He argues that the absence of a label warning against "leaning too far" was a defect as contemplated by the Loescher case, and thus Marriott, as custodian is responsible. We disagree. In Loescher supra our Supreme Court set forth the requirements for liability under Article 2317 of the Civil Code.[1] Liability under Article 2317 will exist even in the absence of negligence when the following can be proved by the plaintiff: (1) that the thing which caused the damage was in the care (custody) of the defendant, (2) that a defect existed in the thing, and (3) that the damage occurred through this defect or vice. The custodian can escape liability by proving that any one of the following three contributed to the damage suffered by the victim (1) the fault of the victim himself, (2) the fault of a third person, (3) a force majeure.
In Narcisse v. Fontcuberta, 359 So.2d 1342 (4th Cir. 1978) we held that where the "defective thing" was not in the exclusive custody of the defendant at the time of the accident, strict liability under Article 2317 would not apply.
Pretermitting the question of whether the ladder in the instant case was defective either in its construction or in the failure to warn, we find that defendant Marriott was a gratuitous lender of the ladder and that its liability, if any, would be based upon the obligations imposed by Civil Code Articles 2893 thru 2909, inclusive, rather than 2317.
Article 2893 defines a loan for use as follows:
"The loan for use is an agreement, by which a person delivers a thing to another, to use it according to its natural destination, or according to the agreement, under the obligation on the part of the borrower, to return it after he shall have done using it." La.C.C. Art. 2893.

Our review of the record convinces us that the loan of the ladder by Marriott to Albert Bell was of a gratuitous nature. As outlined above there was no contractual relationship between Bell, or his employer, and the Marriott. The luncheon arrangement was between Mary Pumilia, a Fitzmorris supporter, and the hotel. No charge was made for the use of the ladder to either Bell or the Fitzmorris for Governor Campaign Committee. The Marriott had ladders and a hydraulic scaffold available for rent, and both could have been used in hanging the banners. However, the rental of this equipment was not included in the contractual arrangements between Pumilia and the hotel. Instead the ladder in question was made available by way of a gratuitous loan.
Having found this to be the relationship between the parties, it is clear from our understanding of the jurisprudence and the civil code that Marriott did not have exclusive custody of the ladder at the time of the accident, but rather that this custody rested with Bell himself.
"A gratuitous loan for use makes the borrower, after delivery, the master of the thing borrowed for the purpose of its use and while using it under the loan. This mastership seems to further result from the provision in Article 2906, according to which the lender cannot claim back the thing loaned from the party to whom it has been loaned, during the period of time for which the loan was made." Lyle v. Guillot, 143 So. 511 (La.App. 1st Cir. 1932) at p. 513
The Supreme Court in Loescher took this very situation into account by quoting with *690 approval the following passage from 2 Tulane Civil Law Forum No. 2, page 64 (1974)
"The things in one's care are those things to which one bears such a relationship as to have the right of direction and control over them, and to draw some kind of benefit from them. This relationship will ordinarily be associated with ownership, but the guardianship will also belong to the bailee, the lessee, the usufructuary, the borrower for use and the repairman, among others. It will not belong to the agent or the mandatory, the employee of the servant, or to anyone else for whom there is a responsible principal. The owner may transfer the guardianship by transferring the thing to another who will bear such a relationship to the thing as to himself have the care of it. He may also lose the care of this thing, principally by the theft of the thing." Loescher v. Parr, 324 So.2d 441, 449 fn. 7.
Here the defendant, Marriott, transferred the custody or guardianship of the ladder by gratuitous loan to the plaintiff, Bell, who then became the borrower for use. Louisiana Civil Code Article 2909 sets forth the lender's liability for damages caused by defects in the thing lent. It provides:
"When the thing lent has defects of such a nature that it may occasion injury to the person who uses it, the lender is answerable for the consequences, if he knew the defects and did not advise the borrower of them." La.C.C. Art. 2909

See also Mudd v. Travelers Indemnity Co., 309 So.2d 297 (La.1975).
We find nothing in the record to suggest that anyone at the Marriott actually knew of anything being wrong with the ladder prior to the accident. Lawrence Trouphy testified that he (as well as other hotel employees) had used the ladder prior to the time of the accident and had seen nothing broken on it, nor experienced any problems with it. Nor were they actually aware that the ladder may have possibly had a warning label on it at one time. Even if they (Marriott) were aware of the previous existence of a label warning against "leaning too far" we hold that the absence of such a label is not a defect within the meaning of Article 2909. There is no obligation to warn against the consequences of improper usage, where such consequences are readily cognizable. See, American Ins. Co. v. Duo Fast Dixie, Inc., 367 So.2d 415 (La.App. 4th Cir. 1979).
Viewing the evidence by this standard of culpability, we are unable to find that Marriott breached its duty of care as a gratuitous lender to Bell.
Additionally we are unable to find a breach of the ordinary duty of care owed by every person to repair damage caused by his fault. La.C.C. Arts. 2315, 2316. The evidence establishes no negligence by Marriott. Thus even under the general rule of delict, liability cannot be imposed.
For the above and foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] Art. 2317 provides, "We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody."