SCHOTT, Judge.
Plaintiff, John K. Ross, was injured when a ladder on which he was standing collapsed. He sued the owners of the ladder Daniel La Coste de Monterville and Erick Houeland, their liability insurer, State Farm Fire and Casualty Company, Harry’s Ace Hardware Store from whom the ladder had been purchased, and Keller Industries, Inc., the ladder’s manufacturer. The suit against Keller was dismissed on an early motion for summary judgment from which no appeal was taken. The case against the other defendants was tried to a jury. At the conclusion of plaintiff’s case the suit against Harry’s was dismissed on motion for a directed verdict. The jury returned a verdict in plaintiff’s favor for $90,000 against the remaining defendants based on total damages of $100,000 reduced by ten percent because of plaintiff’s fault. Defendants have appealed contesting liability and plaintiff has answered the appeal seeking an increase in the amount of the award.
Defendants first raise issues revolving around the court’s jury instructions and interrogatories to the jury. Defendants contend that these did not adequately or correctly comport with the law of strict liability on the part of the owner of a defective thing as found in LSA-C.C. Art. 2317. Defendants next contend there was no evidence to support the jury’s finding of negligence on defendants’ part. Finally, defendants would have the judgment granting Harry’s motion for directed verdict reversed. On plaintiff’s side, he contends the jury abused its discretion in the inadequacy of the award, especially considering his evidence of loss of income.
Plaintiff’s son, a college student, rented an apartment from de Monterville and Houeland. In preparing to occupy the apartment he was painting it. On June 3, 1982 his father, plaintiff, and mother were helping him when the accident happened. When they first arrived at the apartment they found an A-frame aluminum ladder which they assumed belonged to the landlords. Young Ross had seen the ladder there when he previously looked at the apartment. They began painting, using the ladder in the process. At this point de Monterville entered the apartment. Plaintiff came down the ladder and introduced himself. During the ensuing conversation de Monterville approved the color of paint they were using and gave his permission to use the ladder (this according to plaintiff and his wife but denied by de Monterville.) They also discussed removal of the draperies which had to be cleaned, and de Monter-ville suggested that they be dyed. After de Monterville left and plaintiff resumed painting, the ladder gave way and plaintiff fell on top of it. Examination of the ladder revealed that it collapsed because of the failure of a rivet holding it together.
*673 The case was submitted to the jury on ten interrogatories. In the first two the jury found de Monterville and Houeland guilty of negligence which was a proximate cause of the accident. There is no evidence to support these conclusions. As to de Monterville, he had no knowledge of the ladder’s defect, he didn’t use it himself, and it was being regularly used by his employees without incident. As to Houeland there is no evidence of his involvement with the ladder in any way. He was not even present at the trial. Since there was no evidence that they knew or should have known about me defect there was no basis for the jury’s finding they were negligent.
The next four interrogatories were designed to determine the jury’s findings on strict liability. Defendants contend that interrogatory 6, “Were the defendants legally responsible for the ladder?” was improper and prompted the jury to fall into error, especially when the interrogatory is considered in the light of the trial court’s instructions on strict liability. Defendants maintain that these instructions failed to emphasize that strict liability requires not mere ownership of the ladder, but custody. They argue that plaintiff had custody of the ladder and therefore defendants who relinquished custody to him could not be strictly liable. They rely on Bell v. Marriott Hotels, Inc., 411 So.2d 687 (La.App. 4th Cir.1982) wherein the court reasoned that Marriot transferred the custody of the ladder by gratuitous loan to Bell who became a borrower for use. Under C.C. Art. 2909 such a lender is liable to the borrower who is injured because of a defect in the thing only if the lender knew of the defect and failed to advise the borrower of it. We have concluded that this contention has merit and requires a reversal of the judgment of the trial court, especially considering that the instructions to the jury did not provide them with the option of finding that this was a loan situation as in the Bell case.
Plaintiff contends that Art. 2909 does not apply to this case because his possession of the ladder was not a loan for use. He relies on Art. 2894 which provides that such a loan “is essentially gratuitous; otherwise it would be a letting or a hiring.” He distinguishes this case from the Bell case on the basis that here defendants were deriving some economic benefit from plaintiff’s use of their ladder.
On the other hand, defendants had already rented the apartment to young Ross and collected the first month’s rent and a security deposit. The work on the apartment would make it more comfortable for plaintiff’s son and was for his benefit. Plaintiff’s argument that the loan was not “essentially gratuitous” since the work was economically beneficial to defendants presupposes that some significant enhancement of the apartment would remain after it was occupied by young Ross and his roommate for the duration of the lease. By that time the apartment may require still another paint job. Whatever speculative minor economic advantage defendants were deriving in this case was not sufficient to convert the loan of the ladder to a loan for consideration, i.e., a rental. The loan was essentially gratuitous. Even in the Bell case it can be said that Marriot derived some benefit from the loan of its ladder, such as good will, but the loan was essentially gratuitous. Since there was no evidence that defendants knew of the ladder’s defect they are not liable to plaintiff. C.C. Art. 2909.
Accordingly, the judgment in plaintiff’s favor is reversed and set aside and there is judgment in favor of defendants, Daniel La Coste de Monterville, Erik Houeland, and State Farm Fire and Casualty Company, and against plaintiff, John K. Ross, dismissing his suit at his cost.

REVERSED AND RENDERED.

GARRISON, J., dissents assigning reasons joined by BARRY, J.