492 So.2d 64 (1986)
Edward N. ELDRIDGE
v.
The DOWNTOWNER HOTEL a/k/a The Inn on Bourbon Street, Inc., and Liberty Mutual Insurance Company.
No. CA-4248.
Court of Appeal of Louisiana, Fourth Circuit.
June 18, 1986.
Frank J. D'Amico, Sr., Marie O. Riccio, New Orleans, for plaintiff-appellant.
Bruce J. Borrello, Metairie, for defendant-appellee.
ARMSTRONG, Judge.
Plaintiff, Edward Eldridge, filed suit against the defendants, The Downtowner Hotel ("Downtowner") and its insurer, Liberty Mutual Insurance Company ("Liberty"), for damages sustained when plaintiff fell off the balcony of the Downtowner. Following a trial on the merits, the jury returned a verdict in favor of defendants. It is from this verdict that plaintiff appeals.
The record reflects that on February 7, 1978, Mardi Gras day, plaintiff was the guest of a patron of the Downtowner in the French Quarter. While on the second floor balcony of the hotel, he observed various individuals on other balconies toying with the crowds below by exposing their breasts or "mooning" the crowds by exposing their bare buttocks. Spurred on by the wild atmosphere in the Quarter, plaintiff climbed on the balcony railing and mooned the crowd. While on the railing plaintiff fell to the street below and was seriously injured.
Plaintiff filed suit for 1.75 million dollars arguing that Downtowner was negligent in *65 failing to have a protective screen or a uniformed guard on the balcony to prevent just such accidents as occurred herein.
The primary issue before this Court is whether, under the circumstances of this case, the trial court committed reversible error in failing to charge the jury on a duty-risk analysis of negligence liability. We think not and we affirm.
At the conclusion of the trial herein, the trial court charged the jury as to proximate cause, contributory negligence, and assumption of risk. The jury was not charged on the duty-risk analysis of liability.
Although it has been held that a failure to distinguish between a "proximate cause" analysis and a "duty-risk" analysis does not constitute error if the charge conveys the correct principles to the jury, Nelson v. Powers, 402 So.2d 129 (La.App. 1st Cir. 1981), writ denied, 409 So.2d 616 (La.1981), it is nevertheless abundantly clear that even under a duty-risk analysis plaintiff was not entitled to recover.
Under a duty/risk analysis, the pertinent inquiries are:
I. Whether the conduct of which plaintiff complains was a cause-in-fact of the harm;
II. Whether there was a duty on the part of the defendant which was imposed to protect against the risk involved;
III. Whether there was a breach of that duty; and
IV. Damages.
Vicknair v. Hibernia Bldg. Corp., 479 So.2d 904 (La.1985); Harris v. Pizza Hut of Louisiana, Inc., 455 So.2d 1364, 1370 (La.1984).
The record reflects that plaintiff's fall resulted solely from his own conduct. Plaintiff was not pushed off the railing, and he was neither enticed nor encouraged by defendant to sit on the railing. Moreover, the railing was not defective. It is clear, therefore, that plaintiff's fall was in fact caused by his own want of skill, that is, in exercising bad judgment by sitting on the railing and in losing his balance. Thus, the question becomes whether Downtowner had a duty to protect plaintiff from his own conduct.[1]
"The principal juridical element of an action in negligence is a duty, apparent to reason and common sense, to avoid acts and omissions which engender an unreasonable risk of harm to others." Stephens v. State Through Department of Transportation, 440 So.2d 920, 925 (La.App. 2nd Cir.1983), writ denied, 443 So.2d 1119 (La. 1984). Implicit in this notion of duty is that there are some risks which are reasonable. An individual encountering such risks bears the responsibility of dealing with and/or avoiding them.
Thus, a "visitor assumes the obvious, normal or ordinary risks attendant on the use of the premises and owners are not liable for injuries to a visitor when those injuries result from a danger which he should have observed in the exercise of reasonable care." Calhoun v. Royal Globe Ins. Co., 398 So.2d 1166, 1168 (La. App. 2nd Cir.1981); see Bell v. Marriott Hotels, Inc., 411 So.2d 687 (La.App. 4th Cir.1982), writ denied, 413 So.2d 908 (La. 1982); Leonard v. Albany Machine & Supply Co., 339 So.2d 458 (La.App. 1st Cir.1976), writ denied, 341 So.2d 419 (La. 1977).
Here the risk of harm was that of falling while sitting on a railing on a second floor balcony. Such a risk is an obvious and reasonable risk of harm which the defendant had no duty to protect against.
But plaintiff argues that because of the wild atmosphere of Mardi Gras and the fact that traditionally women would expose themselves from the balconies, defendant should have foreseen that an accident was likely and was under an obligation to protect *66 plaintiff from himself. We find no merit in this argument for two reasons: first, absolutely no evidence was offered at trial demonstrating that anyone had ever fallen from the balcony during Mardi Gras or even that people sat on the balcony railings.[2] Second, cases cited by plaintiff in support of his argument involved plaintiffs that were in some way incapacitated, i.e., minority, intoxication, insanity, etc. Argus v. Scheppegrell, 472 So.2d 573 (La. 1985) (defendant prescribed medication to patient who was a teenaged drug addict); Oliver v. Capitano, 405 So.2d 1102 (La. App. 4th Cir.1981), writ denied, 407 So.2d 731 (La.1981) (defendant was liable for wrongful death of insane victim who was incapable of appreciating risk of backing truck); Pence v. Ketchum, 326 So.2d 831 (La.1976), overruled in part, Thrasher v. Leggett, 373 So.2d 494 (La.1979) (recognized the duty of a bar owner to avoid affirmative acts which increase the peril to an intoxicated patron). In the instant case, no evidence was introduced demonstrating that plaintiff was in any way incapacitated. In fact, he knowingly and voluntarily placed himself at risk.
We also note that plaintiff's reliance on Boyer v. Johnson, 360 So.2d 1164 (La.1978) is misplaced. Boyer held that the defendant was liable because he violated a statute designed to prevent the type of risk and harm encountered by the minor plaintiff. In the case before us, Downtower was not in violation of any statute at the time of plaintiff's injury.
For these reasons we hold that the trial court was not required to charge the jury that the defendant had a duty to protect patrons from the type of conduct engaged in by the plaintiff herein. Accordingly, the trial court did not err in refusing to charge the jury on a duty/risk analysis.
Plaintiff also argues that the trial court erred in denying his efforts to show measures taken by other hotels to protect similarly situated patrons. Plaintiff cites no authority for this argument.
No evidence was adduced at trial demonstrating that other protective measures were required by law. To have allowed evidence of other protective measures would have opened the door to innumerable extraneous considerations such as size and crowd capacity of other hotel balconies, height and structure of balcony railings, entrance requirements of other hotels, etc. This is to say that a hotel's decision to utilize certain protective measures may well be governed by considerations other than protecting a patron from his own carelessness. For these reasons we find plaintiff's argument to be without merit.
For the foregoing reasons, the judgment of the trial court is affirmed.
BARRY, Judge, concurring.
The majority opinion intimates the jury charge on proximate cause was complete and correct. I disagree.
Even if the trial court's instruction had been erroneous, the Supreme Court has held that a remand is not warranted when an appellate court has all the facts. Thomas v. Missouri Pacific Railroad Company, 466 So.2d 1280 (La.1985); Ragas v. Argonaut Southwest Insurance Company, 388 So.2d 707 (La.1980); Gonzales v. Xerox Corporation, 320 So.2d 163 (La.1975). Although I believe the plaintiff is guaranteed a jury trial as to the initial findings of fact, I must defer to Thomas.
Since the majority correctly concludes that the plaintiff is not entitled to recover under a duty-risk (or a complete proximate cause) analysis, I concur.
NOTES
[1] We do not address the question of defendant's duty to protect one who is a minor, mental incompetent or intoxicated against the risk herein involved. There being no evidence in the record demonstrating that plaintiff fell within either of these three categories, such questions are not before this Court.
[2] Although the parties have made much of the fact that plaintiff was "mooning" the crowd prior to his fall, his injuries resulted from falling off a railing and not mooning the crowd. This is to say that plaintiff could have mooned the crowd while standing on the balcony or he could have sat on the railing without mooning the crowd. In the former instance his conduct, while illegal, could not have led to the injuries complained of.