| GABRIELLE PRANGE | * | NO. 2022-CA-0702 |
|---|---|---|
| VERSUS | * | COURT OF APPEAL |
| ERNEST POSEY, PROGRESSIVE SECURITY INSURANCE COMPANY, DAVID FORLY, ABC INSURANCE COPMANY & XYZ INSURANCE COMPANY | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |
| | * | |
| | * | |
| | * * * * * * * | |

**LOBRANO, J., CONCURS IN THE RESULT AND ASSIGNS REASONS**

I respectfully concur in the affirmation of the district court's judgment. While I agree with the result, I find that the district court erred in finding that the passenger of the 2002 Aquasport motorboat, Plaintiff Gabrielle Prange, "should have been aware of the conditions of the Perdido Pass and what she needed to do with respect to her own safety." The district court's reasoning suggests that Prange assumed the risk of being on the boat, even though Louisiana abandoned the assumption of the risk doctrine for its comparative fault regime. *See Doe v. McKesson*, 21-00929, p. 13 (La. 3/25/22), 339 So.3d 524, 535 (citing *Murray v. Ramada Inns, Inc.*, 521 So.2d 1123, 1132 (La. 1988)). Moreover, it is unnecessary to assess Prange's fault, if any, as I find that the Defendants were not negligent because Prange's injury was not reasonably foreseeable.

The duty rests on the owner or operator of the boat to exercise reasonable care for the safety of the guest passengers and to avoid exposing them unreasonably to danger. *See Wall v. Progressive Barge Line, Inc.*, 97-0665, p. 10 (La. App. 4 Cir. 10/29/97), 703 So.2d 681, 688; *Day v. Touchard, Inc.*, 97-1180, p. 10 (La. App. 5 Cir. 5/27/98), 712 So.2d 1072, 1076-77 (citing *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 630, 79 S.Ct. 406, 409, 3 L.Ed.2d 550 (1959); *Stephens v. Pacific Employers Ins. Co.*, 525 So.2d 288, 291

1

(La. App. 1st Cir. 1988)). The scope of the owner or operator's duty, however, is restricted to the reasonably foreseeable consequences of their conduct. The resulting harm to the complaining party must be reasonably foreseeable. *Populis v. State Dep't of Transportation & Dev.*, 16-655, 16-656, 16-657, 16-658, p. 14 (La. App. 5 Cir. 5/31/17), 222 So.3d 975, 985; *Scharfenstein v. Avena Shipping of Cyprus*, 13-497, p. 19 (La. App. 5 Cir. 12/12/13), 131 So.3d 256, 269. In maritime torts, a harm is not foreseeable unless it "might have been anticipated by a reasonably thoughtful person, as a *probable* result of the act or omission…" *Scharfenstein*, 13-497, p. 21, 131 So.3d at 270 (emphasis added)(quoting *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 211-12 (5th Cir. 2010)(stating that a defendant must have "knowledge of a danger, not merely possible, but probable")(internal quotations omitted)).

The boat owner, Defendant Ernest Posey, and the operator, Defendant David Forly, had the duty to assess the risk of danger to the passengers when it was decided to navigate the boat through Perdido Pass toward the Gulf of Mexico on a busy summer afternoon. I find that there was insufficient evidence to prove that the wake from the yacht, which was the proximate cause of Prange's injuries, was reasonably foreseeable by the owner or operator of the boat prior to navigating Perdido Pass. If there were sufficient evidence of the foreseeability of dangerous wakes or rough waters associated with Perdido Pass, then the owner or operator of the boat would be negligent in failing to instruct Prange to move from the bow of the boat to a safer location on the boat while navigating Perdido Pass. An owner and operator of a boat owe to passengers the duty of exercising reasonable care under the circumstances of each case. *Day*, 97-1180, p. 10, 712 So.2d at 1076-77. Although they may make a reasonable decision to undertake a trip through Perdido Pass, if it was shown that the risk of danger to the passengers was greater due to the dangerous nature of Perdido Pass, then consequently, the duty of the owner or

operator to attend to the comfort and safety of the passengers would have been, quite reasonably, heightened. However, no such showing was made at the trial in this matter, and the elements of negligence were not satisfied on these facts.

Accordingly, I concur in the result.