906 So.2d 474 (2005)
Emma D. MOORY
v.
ALLSTATE INSURANCE COMPANY, Elliott C. Roberts, Sr. and Connie Roberts.
No. 2004 CA 0319.
Court of Appeal of Louisiana, First Circuit.
February 11, 2005.
Writ Denied April 29, 2005.
*477 W. Michael Stemmans, Michael J. Taffaro, Baton Rouge, Philip M. Lynch, Jr., Mandeville, Counsel for Plaintiff/Appellant Emma D. Moory.
Brandi Ermon, Christopher E. Lawler, Metairie, Counsel for Defendants/Appellees Allstate Insurance Company, et al.
Before: GUIDRY, GAIDRY, and McCLENDON, JJ.
GUIDRY, J.
In this personal injury action, plaintiff, Emma D. Moory, appeals the trial court's judgment finding in favor of defendants and dismissing her claim with prejudice. For the reasons that follow, we affirm.

FACTS AND PROCEDURAL HISTORY
On June 23, 1997, Mrs. Moory underwent abdominal surgery at Ochsner Hospital in New Orleans. She remained in the hospital for three days, and following her discharge, stayed with her daughter and son-in-law, Connie and Elliott Roberts (the Robertses), at their home in Mandeville. On June 29, 1997, while taking a shower in the home, Mrs. Moory slipped and fell.
Thereafter, Mrs. Moory filed a petition for damages, naming the Robertses and their insurer, Allstate Insurance Company, as defendants and alleging claims based in negligence and strict liability. Prior to the trial of this matter, the defendants filed a motion in limine, seeking to exclude the testimony of Mrs. Moory's expert, James J. Frey, Jr. On the first day of trial, the trial court heard arguments on the motion and subsequently ruled in favor of the defendants.
Following the three-day trial on the merits, the jury returned a verdict in favor of the defendants, finding they were not at fault in the accident. The trial court signed a judgment reflecting the jury's verdict and dismissed Mrs. Moory's claims with prejudice. Thereafter, Mrs. Moory filed a motion for judgment notwithstanding the verdict or alternatively, a motion for new trial, which was denied. Mrs. Moory now appeals from these judgments, asserting that the trial court erred: (1) in granting defendants' motion in limine, (2) in failing to find defendants at fault for the accident, and (3) in denying her motion for judgment notwithstanding the verdict or alternatively, her motion for new trial.

DISCUSSION

Expert Testimony
The general rule regarding the admissibility of expert testimony is found in La. C.E. art. 702, which provides:
If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise. [Emphasis added.]
The decision of whether to admit or exclude expert testimony is one left to the much discretion of the trial court, and the decision reached by the trial court will not be disturbed on appeal in the absence of an abuse of that discretion. Lemaire v. CIBA-GEIGY Corp., 99-1809, p. 16 (La. App. 1st Cir.6/22/01), 793 So.2d 336, 349, writ denied, 01-2153 (La.11/16/01), 802 So.2d 608.
In the instant case, James J. Frey, Jr. is an architect called to testify as an expert on behalf of Mrs. Moory. According to Mrs. Moory, Mr. Frey's testimony would have aided in the jury's determination as to whether the Robertses were negligent *478 and whether their shower was defective. However, from our review of the record, we find no abuse of discretion on the part of the trial court in excluding such testimony. The parties stipulated at trial that the Robertses' shower met all applicable code requirements. Further, the opinions expressed by Mr. Frey, which were based on his personal experience as well as the facts particular to this case, could be derived from a lay interpretation of the evidence, and thus would not have appreciably assisted the jury.

Liability
At trial, Mrs. Moory claimed that the Robertses were at fault for their negligent conduct as well as strictly liable for the defective condition of their shower. In addressing Mrs. Moory's first claim, we note that La. C.C. arts. 2315[1] and 2316[2] make all persons responsible for damages caused by their negligence. In order to determine whether liability exists under the facts of a particular case, a duty-risk analysis is used. The relevant inquiries are:
(1) Did the defendant(s) owe a duty to the plaintiff?
(2) Were the requisite duties breached?
(3) Was the conduct of which the plaintiff complains a cause-in-fact of the resulting harm?
(4) Was the risk, and harm caused, within the scope of protection afforded by the duty breached?
(5) Were actual damages sustained?.
Mathieu v. Imperial Toy Corp., 94-0952, pp. 4-5 (La.11/30/94), 646 So.2d 318, 321-322. A negative answer to any of the inquiries of the duty-risk analysis results in a determination of no liability. McGowan v. Victory and Power Ministries, 99-0235, p. 4 (La.App. 1st Cir.3/31/00), 757 So.2d 912, 914.
In the instant case, Connie Roberts had a duty to conform to the standard of conduct of a reasonable person under the circumstances. May v. Mitchell Brothers, Inc., 97-1270, p. 4 (La.App. 1st Cir.5/15/98), 712 So.2d 622, 624, writ denied, 98-1953 (La.10/30/98), 727 So.2d 1168. Further, if a person undertakes a task which he otherwise has no duty to perform, he must nevertheless perform that task in a reasonable manner. McGowan, 99-0235 at p. 4, 757 So.2d at 914. However, failure to take every precaution against all foreseeable injury to another does not necessarily constitute negligence. Negligence requires the risk be both foreseeable and unreasonable. Failure to take a particular precaution to guard against injury to another in connection with a risk constitutes negligence only when it appears such a precaution would have been undertaken under the circumstances by a reasonably prudent individual. May, 97-1270 at pp. 4-5, 712 So.2d 622, 624-625. Finally, where a risk is obvious, there is no duty to warn or protect against it. Leonard v. Albany Machine and Supply Company, 339 So.2d 458, 463 (La.App. 1st Cir.), writ denied, 341 So.2d 419 (La.1977).
Also, we note that the mere fact that a plaintiff is elderly does not mean that he is entitled to greater care; the elderly do not, per se, belong to those classes of individuals who must be protected from themselves, such as infants, inebriates, *479 interdicts, or drug addicts. Stephens v. Pacific Employers Insurance Co., 525 So.2d 288, 291 (La.App. 1st Cir.), writ denied, 532 So.2d 116 (La.1988). Rather, the deciding factors are signs of feebleness, impairment of vision or hearing, disorientation of mind or body, or other infirmities that may sometimes accompany old age. Stephens, 525 So.2d at 291.
In the instant case, the jury found no fault on the part of the defendants. It is well settled that a court of appeal may not set aside a jury's finding of fact in the absence of manifest error or unless it is clearly wrong. In order to reverse a factfinder's determinations, the appellate court must find, after reviewing the record in its entirety, that a reasonable factual basis does not exist for the finding of the jury and must further determine that the record establishes that the jury's finding is clearly wrong. Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882 (La.1993). Further, even though an appellate court may feel its own evaluations and inferences are more reasonable than the factfinder's, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Stobart, 617 So.2d at 882.
In the instant case, the record shows that upon her discharge from the hospital, Mrs. Moory was prescribed pain medication and, according to the discharge instructions, was allowed to take showers. During the first few days following her discharge, Mrs. Moory received sponge baths. However, on the third or fourth day of Mrs. Moory's stay at the Robertses' home, her daughter escorted her downstairs to the master bathroom to take a shower. Unlike the bathroom adjacent to the guest bedroom upstairs, the bathroom downstairs had a separate walk-in shower with a built-in seat and non-skid surface.[3] However, the shower did not have a "grab bar" to which Mrs. Moory was accustomed.
Connie Roberts testified that she put a towel on the seat in the shower, turned on the water, adjusted the water temperature, sat Mrs. Moory in the shower, hung Mrs. Moory's catheter on the shower faucet, and set the faucet to spray on Mrs. Moory's legs and abdomen so that it would not be necessary for Mrs. Moory to stand. Connie Roberts offered to stay in the shower with her mother, but her mother declined her offer. Connie Roberts then offered to leave the shower door open, but Mrs. Moory again declined. Thereafter, Connie Roberts shut the shower door, but told Mrs. Moory that she would be right there. Connie Roberts then turned to go to the linen closet, at which time she heard Mrs. Moory fall and scream. According to Connie Roberts, it was only a matter of seconds from the time when she closed the shower door to when she heard her mother fall. At no point did Connie Roberts hear her mother ask for any assistance.
Mrs. Moory testified that at the time of the accident in the Robertses' home she was seventy-nine years old. Before undergoing surgery, she was active and in good health physically, except for some sinus problems and "nerves." Mrs. Moory also stated that she had never just fallen down before, except for a prior occasion when she was attempting to step out of a bathtub in her own home. She did admit to having fainting spells as a young girl as the result of a slow heartbeat, but that those spells had stopped a long time ago.
*480 In describing the events surrounding her fall, Mrs. Moory stated that prior to getting in the shower, her daughter told her to be careful and that she would be "right here." Once in the shower, Mrs. Moory got wet, soaped herself, and decided to stand so she could rinse off. It was at that point that she slipped and fell. Mrs. Moory admitted that she did not ask her daughter for assistance before standing.
Based on our review of the record, we do not find the jury erred in failing to find the defendants at fault for Mrs. Moory's fall and resulting injuries. While Mrs. Moory was elderly, recovering from abdominal surgery, prescribed pain medication, and using a catheter, we find that it was reasonable for the jury to determine that Mrs. Moory failed to establish that Connie Roberts's actions were negligent under the circumstances. The record is devoid of any evidence suggesting that as a result of taking pain medication, Mrs. Moory was disoriented or that the medication in any way contributed to Mrs. Moory falling. Further, because there is no such evidence, it is reasonable to find that Connie Roberts did not have a duty to warn Mrs. Moory of the absence of a "grab bar," because such absence was obvious. Additionally, though Mrs. Moory may have been in a weakened condition as a result of her surgery, a jury could have reasonably found, based on Connie Roberts's testimony, that there was no reason for Mrs. Moory to stand during her shower and therefore, Connie Roberts's actions and/or inactions were not negligent.
Finally, though Connie Roberts admitted on cross examination that she believed she was somehow responsible for her mother's fall, we do not find that this, alone, is determinative of liability or renders the jury's findings unreasonable, particularly considering that the record does not support how Connie Roberts was responsible. Having concluded that the jury did not err in failing to find the defendants negligent, we now address Mrs. Moory's second claim based on La. C.C. art. 2317.1.[4] Louisiana Civil Code article 2317.1 provides:
The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this article shall preclude the court from the doctrine of res ipsa loquitor in an appropriate case.
In the instant case, Mrs. Moory claims that the Robertses' shower was defective for the use intended because it lacked the necessary safety devices. In particular, Mrs. Moory claims that the shower was defective because it did not have a "grab bar." A defect for the purposes of article 2317.1 is a flaw or condition of relative permanence inherent in the thing as one of its qualities. See Crane v. Exxon Corporation, 613 So.2d 214, 219 (La.App. 1st Cir.1993). A defect is further defined as a condition that creates an unreasonable risk of harm. However, not every minor imperfection will give rise to liability. The defect must be of such a nature as to constitute a dangerous condition, which would reasonably be expected to cause injury to a prudent person using *481 ordinary care under the circumstances. Lee v. Magnolia Garden Apartments, 96-1328, p. 14 (La.App. 1st Cir.5/9/97), 694 So.2d 1142, 1150, writ denied, 97-1544 (La.9/26/97), 701 So.2d 990.
After reviewing the record, we find that the jury did not err in failing to find the defendants liable based on a defective condition. As stated previously, the parties stipulated that the shower met all applicable code requirements for a residential shower. Additionally, it is reasonable to conclude from the record before us that the failure to have a "grab bar" did not create an unreasonable risk of harm, especially in light of the other precautions taken by Connie Roberts.

CONCLUSION
For the foregoing reasons, we find no error in the judgment of the trial court, finding no fault on the part of the defendants and dismissing Mrs. Moory's claims with prejudice.[5] All costs of this appeal are to be borne by the appellant, Emma D. Moory.
AFFIRMED.
NOTES
[1] Louisiana Civil Code article 2315 provides in part:

A. Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.
[2] Louisiana Civil Code Article 2316 provides:

Every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill.
[3] The bathroom adjacent to the guest bedroom upstairs had a combination tub and shower.
[4] As stated previously, Mrs. Moory asserts that the defendants are strictly liable for the defective condition of the shower. However, La. C.C. art. 2317.1 was enacted in 1996 and changes the requirement for liability under the article from strict liability to negligence.
[5] Having found that the jury's factual determinations were reasonable and that the trial court did not abuse its discretion in granting defendants' motion in limine, we pretermit discussion of Mrs. Moory's assignments of error relating to the trial court's denial of her motion for judgment notwithstanding the verdict and, alternatively, motion for new trial.