GUIDRY, J.
 

 j2In this action seeking recovery for personal injuries sustained in a trip and fall accident, plaintiff, Brandal Albin, appeals from a summary judgment in favor of defendant, J.E.S., Inc. For the reasons that follow, we reverse and remand.
 

 FACTS AND PROCEDURAL HISTORY
 

 On April 12, 2005, plaintiff sustained injuries to his lower back that resulted from a trip and fall. Plaintiff, a licensed plumber and an employee of B & D Plumbing, was performing plumbing work at Lake’s Edge Condominiums when his right foot slipped off the front edge of a tile that was placed at the top of a stairwell causing him to lose his balance a little. When he attempted to bring his left foot around to balance himself, his left foot encountered a clump of sheetrock mud causing him to fall down the stairwell.
 
 [1]
 
 As a result of this accident, plaintiff filed suit against J.E.S., Inc., the company that installed the sheetrock in the condominium unit where the plaintiff was injured
 

 Defendant filed an answer in response to plaintiffs claim. Thereafter, defendant filed a motion for summary judgment contending that plaintiff had no factual support for finding that the sheetrock “created an unreasonably dangerous condition and that unreasonably dangerous condition caused plaintiffs accidental fall.” After hearing the arguments presented by counsel, the trial judge found that there was no genuine issue of material fact, and that the defendant was entitled to judgment as a matter of law. The trial judge granted | ^summary judgment in favor of the defendant, and the plaintiff now appeals that judgment.
 
 [2]
 

 ASSIGNMENT OF ERROR
 

 The plaintiff assigns the following as error: “[t]he trial [judge] committed legal error in dismissing the plaintiffs claim with prejudice following the hearing on defendant’s Motion for Summary Judgment.”
 

 DISCUSSION
 

 Summary judgment is a procedural device used to “secure the just, speedy, and inexpensive determination of every action.” La. C.C.P. art. 966(A)(2). Summary judgment shall be rendered immediately “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B). In a summary judgment proceeding, the moving party has the burden of proof.
 

 
 *573
 
 However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to provide factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
 

 La. C.C.P. art. 966(C)(2).
 

 In determining whether summary judgment is appropriate, appellate courts review evidence
 
 de novo
 
 under the same criteria that govern the trial |4court’s determination of whether summary judgment is appropriate.
 
 Thomas v. Fina Oil and Chemical Company,
 
 02-0338, p. 5 (La. App. 1st Cir.2/14/03), 845 So.2d 498, 502. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case.
 
 Foreman v. Danos and Curole Marine Contractors, Inc.,
 
 97-2038, p. 7 (La.App. 1st Cir.9/25/98), 722 So.2d 1, 4,
 
 writ denied,
 
 98-2703 (La.12/18/98), 734 So.2d 637.
 

 The instant trip and fall case involving a clump of sheetrock mud is one of negligence pursuant to La. C.C. art. 2315, as this ease does not involve a defect
 
 in
 
 the premises, but a defect
 
 on
 
 the premises. It is well-settled that the temporary presence of a foreign substance is not, in and of itself, a defect for purposes of strict liability under La. C.C. art. 2317. The reasoning behind this rule is that the presence of the foreign substance does not create a vice or a defect inherent in the thing itself.
 
 See Dickerson v. Winn-Dixie, Inc.,
 
 01-0807, p. 4 (La.App. 1st Cir.2/27/02), 816 So.2d 315, 317,
 
 writ denied,
 
 02-0951 (La.5/31/02), 817 So.2d 99;
 
 Holden v. Louisiana State University Medical Center-Shreveport,
 
 29,268, pp. 4-5 (La.App.2d Cir.2/28/97), 690 So.2d-958, 961,
 
 writ denied,
 
 97-0797 (La.5/1/97), 693 So.2d 730.
 

 Louisiana courts have adopted a duty-risk analysis in determining whether to impose liability under the general negligence principles of La. C.C. art. 2315. For liability to attach under a duty-risk analysis, a plaintiff must prove five separate elements: (1) whether the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) whether the defendant’s conduct failed to conform to the appropriate standard (the breach element); (3) whether the defendant’s substandard conduct was a cause-in-fact of the plaintiffs injuries (the cause-in-fact element); (4) whether the defendant’s substandard conduct was a legal cause of the plaintiffs injuries (the scope of protection | ¿element); and (5) whether the plaintiff was damaged (the damages element).
 
 Cusimano v. Wal-Mart Stores, Inc.,
 
 04-0248, pp. 3-4 (La.App. 1st Cir.2/11/05), 906 So.2d 484, 486-87. A negative answer to any of the inquiries of the duty-risk analysis results in a determination of no liability.
 
 Cusimano,
 
 04-0248 at p. 4, 906 So.2d at 487.
 

 Under La. C.C. art. 2315, there is an almost universal duty on the part of the defendant in negligence cases to use reasonable care so as to avoid injury to another.
 
 Thomas v. Sisters of Charity of the Incarnate Word,
 
 38,170, pp. 10-11 (La.App.2d Cir.3/19/04), 870 So.2d 390, 397,
 
 writ denied,
 
 04-1403 (La.9/24/04), 882 So.2d 1132. Negligence requires the risk be both unreasonable and foreseeable.
 
 *574
 

 Moory v. Allstate Insurance Company,
 
 04-0319, p. 4 (La.App. 1st Cir.2/11/05), 906 So.2d 474, 478,
 
 writ denied,
 
 05-0668 (La.4/29/05), 901 So.2d 1076. It is only that conduct that creates an appreciable range of risk for causing harm that is prohibited.
 
 Thomas,
 
 38,170 at p. 11, 870 So.2d at 397.
 

 In
 
 LeBlanc v. Bouchereau Oil Company, Inc.,
 
 08-2064, p. 6 (La.App. 1st Cir.5/8/09), 15 So.3d 152, 156, this court explained:
 

 The determination of whether a particular risk of harm is reasonable is also a matter wed to the facts of the case. In general, it is improper to characterize a risk as unreasonable without considering the surrounding circumstances. A court must determine whether the risk is unreasonable vis-a-vis the particular plaintiff involved. The status of the plaintiff is a factor to be considered in the fact specific determination of whether a risk is unreasonable.
 

 Furthermore, where a risk is obvious, there is no duty to warn or protect against it.
 
 Moory,
 
 04-0319 at p. 5, 906 So.2d at 478.
 

 In the present case, the clump of sheet-rock mud was patently obvious; however, it was not easily avoidable under the circumstances of this case. Here, the accident occurred at the construction site of the Lake’s Edge Condominiums. The only evidence presented by the parties was the deposition of the plaintiff. | (iIn his deposition, plaintiff acknowledged that construction sites are inherently dangerous places and that a person must be cognizant of potential hazards.
 

 Further in his deposition, plaintiff gave a detailed account of the events that led to his injury. He explained that his right foot slipped off the front edge of a tile that was placed at the top of the stairwell, causing him to begin to lose his balance a little. He further explained that when he attempted to bring his left foot around to balance himself, his left foot encountered the clump of sheetrock mud causing him to fall down the stairwell.
 

 It is evident from plaintiffs deposition that he had knowledge of the clump of sheetrock mud prior to his trip and fall. He described the sheetrock mud and admitted that he noticed the clump of sheet-rock mud located on the tile that was placed at the top of the stairwell. However, from plaintiffs account of the accident, although the tile caused him to lose his balance a little, it was when his foot came into contact with the sheetrock mud that he totally lost his balance and fell down the stairwell. Therefore, under the circumstances as taken from the only account in the record, reasonable minds could differ as to whether the clump of sheetrock mud being present at that spot at the time of plaintiffs fall presented a condition that created an unreasonable risk.
 

 Moreover, in regard to the question of whether the clump of sheet-i'ock mud was a cause in fact of the plaintiffs injury, in
 
 Toston v. Pardon,
 
 03-1747, p. 11 (La.4/23/04), 874 So.2d 791, 799, the Louisiana Supreme Court determined:
 

 A party’s conduct is a cause-in-fact of the harm if it was a substantial factor in bringing about the harm. The act is a cause-in-fact in bringing about the injury when the harm would not have occurred without it. While a party’s conduct does not have to be the sole cause of the harm, it is a necessary antecedent essential to an assessment of liability.
 

 “Whether an action is the cause-in-fact of harm is a factual determination that is left to the factfinder.”
 
 Toston,
 
 03-1747 at p. 11, 874 So.2d at 799. Based on the [^record before us, reasonable minds could differ as to whether the clump of sheetrock
 
 *575
 
 mud was the causative factor in bringing about plaintiffs harm.
 

 Therefore, defendant failed to carry its initial burden as mover to point out that the plaintiff will not be able to prove either that the involved clump of sheetrock mud posed an unreasonable risk of injury or that the clump of sheetrock mud caused plaintiffs alleged trip and fall accident. Accordingly, we find that the trial judge erred in granting summary judgment in favor of the defendant and in dismissing plaintiffs claim.
 

 CONCLUSION
 

 For the aforementioned reasons, we reverse the summary judgment of the trial jiidge and remand this matter for further proceedings consistent with this opinion. Costs of this appeal are assessed to the defendant, J.E.S., Inc.
 

 REVERSED AND REMANDED.
 

 [1]
 

 . The plaintiff described the layout of the accident site in his deposition. Plaintiff explained "the tile I guess after they put the carpet up, then it would be flush across. But it would leave a gap there, with the tile, because they’d have to put the hardy board — the concrete board down, which is about a half inch, and then your tile is about a quarter inch. So you leave a gap between there and the board.”
 

 [2]
 

 . Bridgefield Casualty Insurance Company ("Bridgefield”), B & D Plumbing's workers’ compensation insurer, filed a separate subro-gation claim against the defendant for reimbursement of compensation benefits paid to plaintiff for the injuries he sustained in the accident. The trial judge consolidated the claims of Bridgefield and plaintiff by an order signed May 24, 2007. In the same summary judgment appealed herein, the trial judge dismissed Bridgefield's subrogation claim. Bridgefield failed to file an appeal; therefore, the summary judgment dismissing its subro-gation claim is final as to Bridgefield.