CRAIN, J.,
concurring in the result.
1H concur in the result reached by the majority for the following reasons.
The plaintiff claims that vents in the building roof were defective because they contained openings that permitted water to enter the building during rain events. Although the plaintiff presented evidence of these alleged defects, he presented no evidence that it rained on or around the day of the accident. Thus, the plaintiff *294 failed to establish that he would be able to meet his burden of proving at trial that the allegedly defective vents were a cause-in-fact of the accident. When the undisputed facts disclose that the alleged defect is not the cause-in-fact of the injury to the plaintiff, the trial court can decide this issue on summary judgment. Coates v. Nettles, 563 So.2d 1257, 1259 (La.App. 1 Cir.1990).
The plaintiffs alternative theory is that the puddle was caused by a third person, such as another deliveryman. That claim does not involve a defect in the premises, but involves a defect on the premises and is subject to a duty-risk analysis under Louisiana Civil Code article 2315. See, Bridgefield Cas. Ins. Co. v. J.E.S., Inc., 09-0725 (La.App. 1 Cir. 10/23/09), 29 So.3d 570, 573. The defendant owes a duty to its visitors to exercise reasonable care to keep the premises in a safe condition commensurate with the particular circumstances involved. See, Parfait v. Hosp. Serv. Dist. No. 1, 93-1504 (La.App. 1 Cir. 6/24/94), 638 So.2d 1140, 1142; Holden v. Louisiana State Univ. Med. Ctr. in Shreveport, 29,268 (La.App. 2 Cir. 2/28/97), 690 So.2d 958, 961-62, writ denied, 97-0797 (La.5/1/97), 693 So.2d 730. In the absence of proof that the spill was caused by the defendant’s own actions, the duty to keep the premises in a safe condition must be shown to have been breached by some proof of inadequate inspection procedures. Holden, 690 So.2d at 964. The undisputed facts establish daily inspections and sweeping of the warehouse. The plaintiff failed to introduce evidence to prove either the source of the puddle or the length of time it had been on the floor. Under these undisputed facts, the plaintiff failed to prove that alternative inspection procedures would likely have prevented the accident.